# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **BELAIR ELECTRONICS, INC.,** <br><br> **Plaintiff,** <br><br> v. <br><br> **JEDIRECT CORP. AND JE PRODUCTS CORP.,** <br><br> **Defendants.** | Case No.: 1:20-cv-03868 <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff BelAir Electronics, Inc. complains of Defendants JEDirect Corp. and JE Products Corp. (collectively "Defendants") as follows:

### NATURE OF LAWSUIT

1. This is a claim for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

### THE PARTIES

2. BelAir Electronics, Inc. ("BelAir" or "Plaintiff") is an Illinois corporation with its principal place of business at 5723 Antler Lane, Westmont, Illinois 60559.

3. BelAir is the named assignee of, owns all right, title and interest in, and has standing to sue for infringement of United States Patent No. 7,941,195, entitled "Protective Mask of Mobile Phone," which issued on May 10, 2011 (the "'195 Patent") (a true and correct copy is attached as Exhibit A); and United States Patent No. 10,097,676, entitled "Protective Mask of Mobile Phone," which issued on October 9, 2018 (the "'676 Patent") (a true and correct copy is attached as Exhibit B) (collectively, the "Patents-in-Suit").

4. JEDirect Corp. ("JEDirect") is an Illinois corporation with registered agent and president Yongwei Hu located at 268 West Alexander Street, Chicago, Illinois 60616. JEDirect maintains its principal place of business at 126 East Wing Street, Unit 129, Arlington Heights, Illinois 60004 and a second location at 445 East Algonquin Road, Arlington Heights, Illinois 60005.

5. JE Products Corp. ("JE Products") is an Illinois corporation with registered agent and president Ennan Tu located at 1730 West Quail Court, Unit 3, Arlington Heights, Illinois 60004. JE Products maintains it principal place of business at 1730 West Quail Court, Unit 3, Arlington Heights, Illinois 60004. JE Products' president, Ennan Tu, also serves as secretary for JEDirect.

6. Defendants advertise and sell Accused Products at https://www.ijetech.com/product-category/cases/ as well as third party online marketplaces at least on Amazon.com at https://www.amazon.com/stores/JETech/page/17F77063-7173-42D7-AB5B-CF7E552FDF47, https://www.amazon.com/sp?seller=A1RI0YHZ8J2HZU, https://www.amazon.com/s?me=A1RI0YHZ8J2HZU&marketplaceID=ATVPDKIKX0DER, and Walmart.com at https://www.walmart.com/c/brand/jetech.

7. Defendants offer for sale and sell the Accused Products (as further identified below) for mobile devices throughout the United States and this Judicial District.

## JURISDICTION AND VENUE

8. This Court has exclusive jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

9. Personal jurisdiction over Defendants is proper in this Court because both Defendants are organized under the laws of the State of Illinois, registered to do business in Illinois, maintain their principal places of business in Illinois, have minimum contacts with the State of

Illinois, and have purposefully availed themselves of the privileges of conducting business in the State of Illinois.

10. Venue in this Judicial District is proper under 28 U.S.C. §§ 1391(b), (c) and 28 U.S.C. § 1400(b) because Defendants both reside in this Judicial District.

## THE ACCUSED PRODUCTS

11. Defendants have infringed certain claims of the Patents-in-Suit through the manufacture, sale, offer for sale, advertisement, importation, shipment, distribution, and/or use of Defendants' protective masks for mobile devices (herein referred to as the "Accused Products").

12. As presently advised, the Accused Products include the following known model numbers: 0427-CS-2; 0440-CS; 0511-CS; 3421B-CS-2; 3421C-CS-2; 3427A-CS; 3428A-CS-2; 3448A-CS; 3454-CS; 3461-CS; 3471; 3474; 3475; 3476; 3479; 3742; J0420; J0426; J0428; J0429; J0447; J0510; J0530; J0560; J0561; J0564; J0568; J0569; J0571; J0572; J0573; J0574; J0575; J0576; J0577; J0578; J0579; J0590; J0591; J0660; J0661; J0700; J0701; J3000; J3001; J3002; J3003; J3010; J3011; J3012; J3013; J3135; J3136; J3194; J3195; J3196; J3204; J3205; J3206; J3220; J3221; J3222; J3223; J3231; J3232; J3233; J3235; J3320; J3360; J3361; J3362; J3363; J3393; J3413; J3416; J3417; J3420; J3421; J3421A; J3421E; J3430; J3431; J3431A; J3431B; J3431C; J3431E; J3437; J3437A; J3438A; J3442; J3443; J3443A; J3443B; J3447; J3447A; J3448; J3449; J3449A; J3455; J3458; J3460; J3462; J3463; J3464; J3465; J3466; J3467; J3470; J3473; J3477; J3478; J3490; J3491; J3492; J3600; J3600A; J3600B; J3600C; J3602; J3603; J3606; J3607; J3608; J3700; J3700A; J3700B; J3701B; J3703; J3711; J3750; J3751; J3751A; J3751C; J3752; J3756; and iPad Case for iPad Air 3/iPad Pro 10.5. (See Exhibit C).

13. As presently advised, the Accused Products include all protective masks advertised for the Apple and Samsung mobile devices (phones and tablets) at least found at https://www.ijetech.com/product-category/cases/.

14. The Accused Products subject to this Complaint include all substantively similar products and any predecessor and/or successor versions that infringe any claims of the Patents-in-Suit whether sold directly or via other online marketplaces or brick and mortar retail stores.

15. After adequate discovery, BelAir may seek leave to amend this Complaint to include additional details of infringement, if any, by other products hereafter discovered to infringe the Patents-in-Suit.

## INFRINGEMENT BY DEFENDANTS

## INFRINGEMENT OF UNITED STATES PATENT NO. 7,941,195

16. BelAir realleges and incorporates by reference paragraphs 1 through 15, inclusive, as though fully set forth herein.

17. Defendants directly infringe at least independent claim 9 of the '195 Patent.

### Claim 9

18. As shown in Exhibit C, the Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask adapted to be coupled to an exterior housing of a mobile phone having internal components including circuitry and a battery, which are covered by the exterior housing, in accordance with the limitations of claim 9 of the '195 Patent.

19. Specifically, as shown in Exhibit C, the Accused Products comprise:

(a) a first mask portion, molded to conform to the shape of a first portion of the exterior housing of the mobile phone; and

(b) the first mask portion having flanges to allow the first mask portion to be coupled to the mobile phone to retain the first mask portion to the first portion of the exterior housing so that the first mask portion covers the first portion of the exterior housing of the mobile phone.

20. To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

21. Defendants had notice of the '195 Patent and the likelihood of infringement thereof at least as early as December 17, 2019 pursuant to email and certified first class mail correspondence from BelAir to Defendant JEDirect via its President and CEO.

22. Defendants' direct infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

### INFRINGEMENT OF UNITED STATES PATENT NO. 10,097,676

23. BelAir realleges and incorporates by reference paragraphs 1 through 15, inclusive, as though fully set forth herein.

24. Defendants directly infringe at least independent claims 1, 5, 8, and 9 of the '676 Patent.

### Claim 1

25. As shown in Exhibit C, the Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask molded for frictional retention to an exterior housing of a mobile phone having user input and output interfaces, and internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and the battery when the mobile phone is fully assembled and ready for use, the exterior housing having an exterior shape formed by a back surface, and at least portions of opposed side surfaces, in accordance with the limitations of claim 1 of the '676 Patent.

26. Specifically, as shown in Exhibit C, the Accused Products comprise:

(a) an integrally-formed mask body molded and contoured to conform and frictionally-fit tightly against the exterior shape of the exterior housing;

(b) an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with no substantial space between the inner surface of the integrally-formed mask body and the exterior shape of the exterior housing;

(c) at least one opening defined by the integrally-formed mask body permitting user access to at least the user input and output interfaces; and

(d) at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

27. As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent claims 3, and 4 of the '676 Patent.

### Claim 5

28. As shown in Exhibit C, the Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask molded for frictional retention to an exterior housing of, and adapted to be coupled to, a mobile communication device having internal components including circuitry and a battery, wherein the exterior housing completely encloses the circuitry and battery when the mobile communication device is fully assembled and ready for use, and wherein the exterior housing has

an exterior shape including a back face and at least portions of opposed side surfaces, in accordance with the limitations of claim 5 of the '676 Patent.

29. Specifically, as shown in Exhibit C, the Accused Products comprise:

(a) an integrally-formed mask body molded and contoured to conform and frictionally fit to the exterior shape of the exterior housing;

(b) an inner surface of the integrally-formed mask body defining an interior space of the integrally-formed mask body and conforming to and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing in overlying and protecting relationship, without a substantial gap between the inner surface of the integrally- formed mask body and the exterior shape of the exterior housing, the integrally-formed mask body defining an opening enabling the mask to be placed over the exterior shape in overlying and protecting relationship; and;

(c) at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

30. As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent claims 6 and 7 of the '676 Patent.

### Claim 8

31. As shown in Exhibit C, the Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a mask for attachment to a hand-held mobile phone, the mobile phone having user input and output interfaces,

internal components including circuitry and a battery, and an exterior housing completely enclosing the circuitry and battery when the mobile phone is fully assembled and ready for use, the exterior housing including a first face, a second face and opposed side surfaces there between, in accordance with the limitations of claim 8 of the '676 Patent.

32. Specifically, as shown in Exhibit C, the Accused Products comprise:

(a) an integrally-formed mask body molded to conform to a shape of the exterior housing;

(b) inner and outer surfaces, the surfaces defining at least one opening in the integrally-formed mask body providing access to at least one of the user input and output interfaces, the integrally-formed mask body being configured such that, when the mask is attached to the mobile phone, the integrally-formed mask body is coextensive with, contours to and overlies the opposed side surfaces, with substantially no space between the mask body and the opposed side surfaces; and

(c) at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

### Claim 9

33. As show in Exhibit C, the Accused Products, as manufactured, sold, offered for sale, advertised, imported, shipped, distributed, and/or used by Defendants, comprise a protective mask molded for frictional retention to an exterior housing of a fully assembled mobile communication device having user input and output interfaces, the mobile communication device

further having internal components including circuitry and a battery completely enclosed by the exterior housing, and the exterior housing having an exterior shape formed by a back surface and at least portions of opposed side surfaces, in accordance with the limitations of claim 9 of the '676 Patent.

    34.    Specifically, as shown in Exhibit C, the Accused Products comprise:

(a) an inner surface closely conforming to the exterior shape of the exterior housing and in substantially continuous surface-to-surface contact with the exterior shape of the exterior housing, with substantially no space between the inner surface of the protective mask and the exterior shape when the protective mask is retained to the exterior housing, the protective mask being molded, integrally formed, contoured and sized to fit tightly against the exterior shape of the exterior housing, thereby providing retention of the protective mask to the exterior housing;

(b) at least one opening defined by the protective mask permitting user access to at least the user input and output interfaces; and

(c) at least one retainer having an extension protruding laterally inward from the integrally-formed mask body and toward and into the integrally-formed mask body interior space, wherein the at least one retainer is retained to the exterior housing at an exterior housing edge when the mask is coupled to the mobile communication device, the at least one retainer participating in retaining the integrally-formed mask body to the mobile communication device.

    35.    As presently advised, one or more Accused Products also likely satisfy the limitations of, and infringe, dependent claims 11 and 12 of the '676 Patent.

36. To the extent required by law, BelAir has complied with the provisions of 35 U.S.C. § 287.

37. Defendants had notice of the '676 Patent and the likelihood of infringement thereof at least as early as December 17, 2019 pursuant to email and certified first class mail correspondence from BelAir to Defendant JEDirect via its President and CEO.

38. Defendants' infringement as described above, either literally or under the doctrine of equivalents, has injured BelAir and BelAir is entitled to recover damages adequate to compensate it for such infringement, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BelAir Electronics, Inc. respectfully requests this Court to enter judgment against Defendants JEDirect Corp. and JE Products Corp. – and against each of their subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation with them – granting the following relief:

A. The entry of judgment in favor of Plaintiff and against Defendants;

B. An award of damages against Defendants adequate to compensate Plaintiff for the infringement that occurred, but in no event less than a reasonable royalty as permitted by 35 U.S.C. § 284, together with prejudgment interest from the date the infringement began; and

C. Such other relief to which Plaintiff is entitled under the law and any other and further relief that this Court or a jury may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial on all issues presented in this Complaint.

Dated: July 1, 2020                                       Respectfully submitted,

                                                                    */s/ Timothy J. Haller*
                                                                    Timothy J. Haller
                                                                    HALLER LAW PLLC
                                                                    230 E Delaware Pl, Ste 5E
                                                                    Chicago, IL 60611
                                                                    Phone: (630) 336-4283
                                                                    haller@haller-iplaw.com

                                                                    Gabriel I. Opatken
                                                                    NOBLE IP LLC
                                                                    418 North Noble Street, Suite 4
                                                                    Chicago, IL 60642
                                                                    Phone: (773) 648-5433
                                                                    gabriel@nobleipllc.com

                                                                    ***Attorneys for Plaintiff,***
                                                                    ***BelAir Electronics, Inc.***